### PEOPLE v. STRAUSS et al.

(Supreme Court, Appellate Division, First Department. February 23, 1900.)

COSTS—ACTION FOR PENALTIES.

>   Code Civ. Proc. § 3228, subd. 3, amended by Laws 1898, c. 110, entitles the plaintiff to costs of course in actions specified in section 2863, subd. 1, but provides that if, in actions to recover a penalty in which the people are a party, the plaintiff recovers less than $50 damages, his costs cannot exceed the amount recovered. Section 2863, subd. 1, provides that justices of the peace have no jurisdiction of actions where the people are a party, except for penalties not exceeding $200. *Held,* in an action for a penalty of $100, on plaintiff's recovery of $25, he was entitled to costs not exceeding that amount, since section 3228, subd. 3, applies to actions for penalties, whether for more or less than $200.

Appeal from special term.

Action by the people against Julius Strauss and others. From an order refusing to retax costs, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Emanuel Jacobus, for appellants.
Leonard D. Baldwin, for the People.

BARRETT, J. The action was for a penalty of $100. The plaintiff had a verdict for $25. Upon that the clerk taxed the plaintiff's costs at $25. Thereupon the defendants moved for a retaxation, claiming that, as the action was for a penalty less than $200, and consequently within the jurisdiction conferred upon a justice of the peace by section 2863, subd. 7, Code Civ. Proc., the plaintiff was not entitled to costs, but that they were. The motion was denied, and the clerk's ruling sustained, upon the amendment to subdivision 3 of section 3228 of the Code of Civil Procedure, enacted in 1898 (chapter 110). This amendment consists of the words italicized in the following extract from the section:

"The plaintiff is entitled to costs of course upon the rendering of final judgment in his favor, in either of the following actions: * * * (3) An action specified in subdivision first, third, fourth or fifth of section twenty-eight hundred and sixty-three of this act. But if, in an action to recover damages for an assault, battery, false imprisonment, libel, slander, criminal conversation, seduction or malicious prosecution; *or a fine or penalty in which the people of the state are a party,* the plaintiff recovers less than fifty dollars damages, the amount of his cost cannot exceed the damages."

It will be observed that the amendment is not confined to an action specified in subdivision 1 of section 2863. Referring to the latter subdivision, we find that it reads as follows: "(1) Where the people of the state are a party, except for one or more fines or penalties, not exceeding two hundred dollars." The plaintiff claims that, as the present action was literally within this first subdivision of section 2863, they are entitled to costs of course. It is, they say, an action where the people are a party, and it is for a penalty not exceeding $200. The defendants, however, insist that, as the subdivision in question does not profess to give an independent characterization of an action, but simply defines the action of which a justice of the peace cannot take cognizance, the intention was to provide that the plaintiff should be entitled to costs of course only in an action where the people are a party, and the penalties sued for are $200 or more.

Without passing upon these respective contentions, we think the case is covered by the amendment of 1898, and that the clerk and the special term were right in their construction and in the effect which they gave to it. This amendment clearly places an action for a fine or penalty, in which the people of the state are a party, in the same category, with respect to costs, as an action to recover damages for an assault, battery, false imprisonment, libel, slander, criminal conversation, seduction, or malicious prosecution. It was thus the legislative understanding and construction that, but for the amendment, the people, in an action for a fine or penalty, would be entitled to full costs, regardless of the sum sued for. The intention was to limit the costs of any such action (whether for less or more than $200), brought by the people, to the sum awarded by the jury, when the verdict is for less than $50. If the intention had been to limit the amendment to a recovery of less than $50 in an action brought for one or more fines or penalties, amounting to or exceeding $200, the limitation would not have been left to debatable implication or doubtful construction, but would have been expressed in distinct terms. Instead of that, we have here language broad enough to include any action to recover damages for "a fine or penalty in which the people of the state are a party." This view is in harmony with the legislation which the present action was brought to enforce, namely, the "Agricultural Law" (Laws 1893, c. 338), and also with similar legislation upon kindred subjects. None of the penalties imposed by the "Agricultural Act" exceed $100, yet provision is made for an injunction pendente lite and also to accompany the final judgment. Section 10. These injunctions are to restrain further violations of the provisions of the act. They contemplate effective procedure in the supreme court, even when the penalty sued for is less than $200. Upon the defendants' construction of the amendment, the people would, in the enforcement of the law, be frequently deprived of the arm of equity; and this would be a serious deprivation, for it might be most important, upon proof of a single violation, to restrain further transgression. Certainly the commissioner of agriculture could not sensibly come into a court of record exercising equity powers, in a case where, if successful, his success would

be turned into practical defeat by an award of costs to the defendant greater than his recovery. It was doubtless to set all such questions at rest, and also to provide a reasonable limitation upon full costs where the people's recovery is small, that this amendment was passed. It thus enables the commissioner of agriculture and other officers intrusted with similar powers to enforce the law in an effective manner, and yet it imposes no undue burden upon those who are guilty of but petty violations.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.